Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

IN THE
CIRCUIT COURT OF JEFFERSON COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| CHRISTOPHER PROSSER, individually and<br>on behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| Vs. | ) | No. 23JE-CC01066-01 |
| | ) | |
| National Insurance Services of America, Inc, a/k/a | ) | COMPLAINT CLASS ACTION |
| And d/b/a National Insurance Direct, Inc. | ) | |
| Registered Agent: Louie Bynum or | ) | |
| Fannie Diamond, President | ) | |
| 315 SE Mizer Blvd, Ste 213 | ) | Jury Trial Demanded |
| Boca Raton, FL 33432, Mo.; and | ) | |
| | ) | |
| Alternative Service Address: | ) | |
| 550 Fairway Drive, | ) | |
| Deerfield, Beach, Fl, 33441 | ) | |
| | ) | |
| John and Jane Does 1 through 18 | ) | |
| National Insurance Services of America, Inc | ) | |
| And d/b/a National Insurance Direct, Inc. | ) | |
| Registered Agent: Louie Bynum or | ) | |
| Fannie Diamond, President | ) | |
| 315 SE Mizer Blvd, Ste 213 | ) | |
| Boca Raton, FL 33432, Mo.; and | ) | |
| | ) | |
| Aetna Health and Life Insurance Company | ) | |
| 120 S. Central | ) | |
| Clayton, MO 63105; and | ) | |
| | ) | |
| Centene Corporation d/b/a | ) | |
| Ambetter Health Insurance | ) | |
| Serve: CT Corporation | ) | |
| 120 S. Central Ave. | ) | |
| Clayton, MO 63105; and | ) | |
| | ) | |
| Medica Central Insurance Company | ) | |
| Registered Agent: | ) | |
| CT Corporation | ) | |
| 120 S. Central | ) | |
| St. Louis, MO 63015; and | ) | |
| | ) | |

1

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

Anthem Health Plans of Virginia, Inc                      )
d/b/a HMO Missouri, Inc., d/b/a Anthem Blue         )
Cross and Blue Shield,                                          )
                                                                      )
                        Defendants.                              )

---

**FIRST AMENDED COMPLAINT CLASS ACTION**

---

Plaintiff, Christopher Prosser, appearing both individually and on behalf of all others similarly situated, by and through his Counsel Edwin V. Butler, files this Class Action Complaint against Defendants National Insurance Services of America, Inc., a/k/a and d/b/a National Insurance, Direct, Inc., Aetna Health and Life Insurance Company, Centene Corporation d/b/a Ambetter Health Insurance, Medica Central Insurance Company, Anthem Health Plans of Virginia, Inc d/b/a HMO Missouri, Inc., d/b/a Anthem Blue Cross and Blue Shield, and John and Jane Does 1 through 18, (hereinafter, "NISA," "NID," "Aetna," "Centene," "Medica," "Anthem," "Does," or collectively "Defendants"), based upon personal knowledge as to his own acts and experiences and, as to all other matters, based upon information and belief, including the investigation conducted by his counsel, and alleges as follows:

**Nature of the Action**

1.      This is a class action under the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076.

2.      This is also a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, 47 U.S.C. § 227(b)(1)(A), and  a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs.*, *LLC,* 132 S. Ct. 740, 745 (2012).

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

3.      Defendants NISA, NID and Does offer a service where they solicit individuals to purchase various types of insurance policies for myriad insurance companies, including, Defendants Aetna, Centene, Medica, and Anthem.

4.      Defendants Aetna, Centene, Medica, and Anthem's telemarketers, Defendants NISA, NID and Does use automated systems to make outbound telemarketing calls and texts messages to hundreds if not thousands of consumers across U.S., soliciting consumers to solicit the purchase of their services and insurance policies.

5.      By doing so, Defendants NISA, NID, Aetna, Centene, Medica, and Anthem have violated the provisions of the Missouri No Call List and Telemarketing prohibitions set forth in §407.1098.1 and Mo. Rev. Stat. § 407.1076 and it violated the TCPA when it contacted numbers on the National Do Not Call Registry without their express written consent. Defendants have caused Plaintiff and Class Members to suffer injuries because of placing unwanted telephonic sales calls to their phones.

6.      Through this action, Plaintiff seeks injunctive relief to halt Defendants NISA, NID, Aetna, Centene, Medica, Anthem and Doe's unlawful telemarketing calls. Plaintiff additionally seeks damages as authorized by the MDNC and TCPA on behalf of Plaintiff and the Class Members, and any other available legal or equitable remedies resulting from the actions of Defendant described herein.

7.      Because telemarketing calls typically use technology capable of generating thousands of similar calls per day, the Plaintiff sues on behalf of a proposed nationwide class of other people who received similar calls.

8.      A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

fairness and efficiency goals of Missouri Supreme Court Rule 52.08 and pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3).

II.    Parties

9.     Plaintiff Christopher Prosser (hereinafter referred to as "Plaintiff," "Christopher" or "Mr. Prosser") is an individual residing in this District.

10.    Defendant National Insurance Services of America, Inc. ("NISA"), a/k/a and d/b/a National Insurance Direct, Inc., is an insurance company and lead generator for other insurance companies, including, inter alia, Aetna, Centene, Medica, and BCBS. NISA and NID are Florida based corporations which use their names interchangeably in unsolicited telemarketing calls and are alter ego companies that make telemarketing calls or employs its agents, vendors or third-party marketing partners to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, with its local corporate office for both companies located at 315 SE Mizer Blvd., Ste 213, Boca Raton, FL 33432, where they share the same owner and registered agent, Louie Bynum,  and its telemarketing services located at 550 Fairway Drive, Deerfield Beach, FL, 33441.

11.    Defendant Aetna Health and Life Insurance Company ("Aetna") is an insurance company and lead generator for other insurance companies. Aetna is a Connecticut based corporation and is a company that makes telemarketing calls or employs its agents, vendors or third-party marketing partners, including, inter alia, NISA and NID to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, with its local office located at 120 CT Corporation, 120 S. Central, St. Louis, MO 63105.

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

12.     Defendant Centene Corporation d/b/a Ambetter Health Insurance ("Centene") is an insurance company and lead generator for other insurance companies. Centene is a Missouri based corporation and is a company that makes telemarketing calls or employs its agents, vendors or third-party marketing partners, including, inter alai, NISA and NID to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, with its local office located at registered agent CT Corp, 105 S. Central Ave., St. Louis, MO 63105.

13.     Defendant Medica Central Insurance Company ("Medica") is an insurance company. Medica is a Missouri based corporation and is a company that makes telemarketing calls or employs its agents, vendors, or third-party marketing partners, including Defendants NISA and NID to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, with its local office located at CT Corporation, 120 S. Central, St. Louis, MO 63015.

14.     Defendant Anthem Health Plans of West Virginia, Inc., d/b/a HMO Missouri, Inc. (under the fictious name Anthem Blue Cross and Blue Shield) ("BCBS") is an insurance company and lead generator for other insurance companies. BCBS is a Virginia based corporation and is a company that makes telemarketing calls or employs its agents, vendors or third-party marketing partners, including Defendants NISA and NID to make telemarketing calls within and into this District, to persons on the Federal and Missouri do not call registries, just as it did with the Plaintiff, with its Registered Agent CT Corporation 120 S. Central, Clayton, MO 63105.

15.     Defendants John and Jane Does ("John/Jane Does) 1 through 18 are unknown telemarketers, employees, agents, or vendors of NISA and NID the alter ego companies that make

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

illegal telemarketing calls from this District and to this District to persons on the federal and Missouri do not call registries, just as it did with the Plaintiff.

**Jurisdiction and Venue**

16.     This Court has jurisdiction for violations of the Missouri do not call registries under Chapter 407.010 et seq. RSMo.  As stated in *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012), the Court has subject matter jurisdiction under 47 U.S.C. § 227.

17.     This Court has personal jurisdiction over Defendant's NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants because they either reside in this District and/or made the calls into this District, and/or they promulgated the policies and procedures and/or had the right to do so for Defendants NISA, NID who encourage, entice, condone, and ratify illegal telemarketing calls into this District to persons on the no call lists. Defendants NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants have sufficient minimum contacts with the State of Missouri and this District in that they transact business in Missouri, profit personally from Defendant NISA and NID's sales and leads made in Missouri, they send their products to Missouri and advertise in Missouri; the extraterritorial tortious acts complained of within this complaint occurred in Missouri and to a Missouri resident, thereby  subjecting them to Missouri's long arm statute, Section 506.500.1. See *Prosser v. USHealth Advisors, LLC*, 2023 WL 5093872 (E.D. Mo. August 9, 2023); *UMB Bank, N.A. v. Kraft CPAs, PLLC*, 2023 WL 3666879 (U.S. Dist. Ct, W.D. Mo. May 25, 2023); *Hand v. Beach KC, LCC*, 425 F.Supp.1096 (W.D. Mo. 2019).

18.     Venue is proper in accord with 28 U.S.C 1391(b) because the calls at issue were made into this District and/or from this District.

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

## TCPA Background

19.     In 1991 Congress enacted the TCPA to regulate explosive growth of the telemarketing industry. In so doing, Congress recognized that "[un]restricted telemarketing . . . can be an intrusive invasion of privacy[.]" Telephone Consumer Protection Act of 1991, Pub. L. 102-243 § 2(5) (1991) (codified at 47 U.S.C. §227).

20.     The National Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.P.R.§ 64.1200(c)(2).

21.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

22.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. 227(c) (5); 47 C.F.R. 64.1200 (c)(2). Damages under this code are up to $1,500 per call or text.

## THE MISSOURI NO-CALL LAW

23.     Similarly, the Missouri Do Not Call Registry, Mo. Rev. Stat. § 407.1098.1, which is to be construed in *pari materia*, provides:

> No person or entity shall make or cause to be made any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of the subscriber's objection to receiving telephone solicitations.

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

24.     A "residential subscriber" is defined as, "a person who has subscribed to residential telephone service from a local exchange company or the other persons living or residing with such person." Mo. Rev. Stat. § 407.1095(2).

25.     A "telephone solicitation" is defined as "any voice communications over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

26.     Defendant's calls to a telephone subscriber on the Missouri Do Not Call List is an unfair practice, because it violates public policy, and because it forced Plaintiff to incur time and expense without any consideration in return. Defendants' practice effectively forced Plaintiff to listen to Defendants' advertising campaign.

27.      Defendants violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Missouri statutory public policy, which public policy violations in the aggregate caused substantial concrete injury to hundreds of persons.

28.     Defendants' actions prevented the Plaintiff's telephone from being used for other purposes during the time Defendants were occupying the Plaintiff's telephone for Defendants' unlawful purpose.

29.      Chapter 407.1107 provides for up to $5,000 in damages for each knowingly violation.

**THE MISSOURI TELEMARKETING LAW**

30.     Mo. Rev. Stat. § 407.1076 provides in pertinent part:

It is an unlawful telemarketing act or practice for any seller or telemarketer to engage in the following conduct:

(3)     Cause the telephone to ring or engage any consumer in telephone

8

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

conversation repeatedly or continuously in a manner a reasonable
consumer would deem to be annoying, abusive or harassing;

(4)    Knowingly and willfully initiate a telemarketing call to a consumer, or
transfer or make available to others for telemarketing purposes a
consumer's telephone number when that consumer has stated previously
that he or she does not wish to receive solicitation calls by or on behalf of
the seller unless such request has been rescinded.

31.    MO Rev. 407.1104 provides in pertinent part:

1.    Any person or entity who makes a telephone solicitation to any
residential subscriber in this state shall, at the beginning of such
solicitation, state clearly the identity of the person or entity initiating the
solicitation.

2.    No person or entity who makes a telephone solicitation to a residential
subscriber in this state shall knowingly use any method to block or otherwise
circumvent any subscriber's use of a caller identification service.

### III.    Factual Allegations

32.    Defendants NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants
and their agents, employees and/or vendors, sell and broker insurance policies which target senior
citizens that indemnify policy holders for medical bills and other insurance related needs.

33.    To generate leads, Defendants NISA, NID, Aetna, Centene, Medica, Anthem and
the Doe Defendants, and their agents, employees and/or vendors, and other unknown marketing
firms and call centers, make random, robocall and automated dialing system generated
telemarketing calls capable of storing and deploying randomly and or sequentially generated calls
to consumers who have never had a relationship with any of the Defendants, and who never
consented to receive their calls.

34.    Plaintiff is and was at all times mentioned herein, a "person" as defined by 47
U.S.C. §153(39).

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

35.     The Plaintiff personally registered his residential cellular telephone number (the "Number"), 314-698-XXXX, on the National and Missouri State Do Not Call Registries in February 2022, where they have remained continuously since.

36.     Plaintiff initially received an unsolicited telemarketing call in January 2023, from the defendants, who used the company names National Insurance Services of America, Inc., and National Insurance Direct, Inc., interchangeably in the same conversation and attempted to sell the Plaintiff insurance policies on behalf of seven major insurance companies, including, inter alia, Defendant's Aetna, Centene, Medica, and Anthem.[1]

37.     Plaintiff immediately instructed NISA, NID and Bynum that he is on the Missouri and Federal no call registries, he did not give consent for Bynum, NID and NISA or its clients to call his number and to stop calling his private residential telephone.

38.     Bynum assured the Plaintiff he would be placed on all of his internal no call lists at that time and would not be contacted again.

39.     The next day, Plaintiff received another call from Bynum on behalf of NID and NISA, and the Plaintiff instructed Bynum to stop call him and again to place him on every do not call list NISA and NID has for all their clients.

40.     Despite this, Defendants NISA, NID, Does 1 through 18, and their agents, employees and/or vendors, as approved, encouraged, enticed and ratified by Defendants NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants policies, practices and procedures, placed more than eighteen (18) telemarketing calls and texts to Mr. Prosser

---

[1] The original call was placed to the Plaintiff's private residential phone by a telemarketer who identified himself as Louie Bynum, the president of NISA and NID.

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

beginning on September 14, 2023, when the first call was made from telephone number (800) 285-8197.

41.     During this series of calls, the Doe Defendant telemarketers stated they were agents for NISA and NID and solicited Mr. Prosser to purchase an Insurance Policy through Defendant NISA or NID from seven major insurance companies which they repeated and emphatically identified as Aetna, Anthem, Missouri HMO Blue Cross and Blue Shield, SSM, Medica, Centene, UnitedHealth Group and Oscar Signa.

42.     Just prior to being connected to the telemarketer, Plaintiff Prosser heard a click, a pause, then dead air space and the call was then transferred and connected to the telemarketer.

43.     Despite the fact that Plaintiff indicated that they were interrupting his family time and was extremely busy and could not take the call, and that he was on the National and Missouri Do Not Call Registry, Defendant's NISA, NID, Does 1 through 18, and their agents, employees and/or vendors, made another series of telemarketing calls to the Plaintiff over the next week or more on behalf of the Defendants Defendant's NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants, collectively.

44.     Each of the illegal telemarketing calls were condoned, encouraged, enticed and ratified by Defendants NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants, Does 1 through 18 and their agents, employees and/or vendors, as detailed supra:[2]

        a.      9/14/23        10:08 am

---

[2] Plaintiff has repeatedly informed the defendants and their employees, vendors, and agents verbally that his number is listed on the Federal and Missouri State do not call registries, and to Stop Calling!; yet they continue to deliberately violate the protections afforded by both the code and statute and have now called Plaintiff's private number listed on the federal and state no call registry more than 18 times.

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

| | | |
|---|---|---|
| b. | 9/15/23 | 10:09 am |
| c. | 9/15/23 | 11:20 am |
| d. | 9/18/23 | 11:41 am |
| e. | 9/18/23 | 12:02 pm |
| f. | 9/19/23 | 9:12 am |
| g. | 9/19/23 | 1:15 pm |
| h. | 9/19/23 | 3:45 pm |
| i. | 9/20/23 | 9:51 am |
| j. | 9/20/23 | 12:11 pm |
| k. | 9/20/23 | 2:20 pm |
| l. | 9/21/23 | 9:10 am |
| m. | 9/21/23 | 11:12 am |
| n. | 9/21/23 | 1:50 pm |
| o. | 9/21/23 | 2:11 pm |
| p. | 9/22/23 | 9:24 am |
| q. | 9/22/23 | 11:56 am |
| r. | 9/22/23 | 12:01 pm |

45.     During each call the telemarketer solicited Mr. Prosser to purchase an insurance policy from or through, inter alia, Defendant's NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants and Does 1 through 18.

46.     The Defendants persistently harassed and solicited Mr. Prosser to purchase insurance policies from or through Defendant's NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants and their agents, employees and/or vendors, even though he is registered on the Federal and Missouri Do Not Call registry and has been for many months prior to their unsolicited marketing calls to his private, personal residential cell phone.

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

47.    Plaintiff's privacy and right to seclusion has been grossly, deliberately, and repeatedly violated by the above-described telemarketing calls and Mr. Prosser was severely annoyed, harassed and humiliated by myriad telemarketers when he instructed them to stop calling his phone.

48.    The Plaintiff never provided his written consent to receive nor did he request these calls, nor did the Plaintiff have a prior business relationship with Defendants NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants

49.    Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendants because their rights to privacy and seclusion have been violated, they were annoyed, harassed, and caused severe physical injuries, including incurring telephone service provider fees, wear and tear on his phone, damage and disruption to his phone's battery life, and other injuries and costs.

50.    Defendants made, and continue to make, these telemarketing calls to individuals nationwide without their prior written express consent to do so.

51.    During all the calls, there was a significant pause before Defendants' representative started speaking, which is a telltale sign that Defendants used and ATDS and/or a predictive dialer to make the calls:

> Predictive dialers initiate phone calls while telemarketers are talking to other consumers . . . In attempting to "predict" the average time it takes for a consumer to answer the phone and when a telemarketer will be free to take the next call, predictive dialers may either "hang-up" on consumers or keep the consumer on hold until connecting the call to a sales representative, resulting in what has been referred to as "dead air."

*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 2003 Report and Order*, CG Docket No. 02-278, FCC 03-153, ¶ 146, 18 FCC Rcd. 14014,

14101, 2003 WL 21517853, *51 (July 3, 2003), *available at* http://hraunfoss.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf ("*2003 Report and Order*").

52.     Defendant's NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants, and their agents, employees and/or vendors placed numerous calls alleged in this complaint with one or more predictive dialers. Predictive dialers constitute an automatic telephone dialing system; they are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator. Further, no person manually entered Plaintiff and Class members' cellular telephone number when Defendants made the calls alleged below. Rather, the predictive dialer(s) electronically dialed Plaintiff and Class members' cellular telephones in an automated fashion. The predictive dialers otherwise constitute an "automatic telephone dialing system" under the meaning of 47 U.S.C. § 227(a)(1).

53.     None of the telephone calls alleged in this complaint constituted calls for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

54.     In addition, the calls occupied their telephone lines, rendering them unavailable for legitimate communication and personal family affairs.

## **Class Action Allegations**

55.     Class Definition: Plaintiff seeks to certify a class and brings this Complaint against the Defendants, as authorized by Missouri Supreme Court Rule 52.08 and pursuant to Federal Rule of Civil Procedure 23(b) (2 and (b)(3), on behalf of himself and the following Classes:

> **Do Not Call Class ("DNC Class")**:
> All persons in the United States (1) who had his or her telephone number(s) registered with the national Do-Not-Call registry for at

least thirty days; (2) who received more than one telephone call made by or on behalf of Defendants that promoted their products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

**Robocall Class and Automatic Telephone Dialing System Class:**

All persons in the United States who received any unsolicited telephone calls from Defendants or their agents on their cellular phone service through the use of any automatic telephone dialing system or artificial or pre-recorded voice system, which telephone calls by Defendants or their agents were not made for emergency purposes or with the recipients' prior express consent, within four years prior to the filing of this Complaint.

**Missouri Do Not Call Class ("MDNC Class"):**
All persons in the State of Missouri (1) who had his or her telephone number(s) registered with the Missouri Do-Not-Call registry for at least thirty days; (2) who received more than one telephone call or text made by or on behalf of Defendants that promoted insurance policies products or services; (3) within a 12-month period; and (4) for whom Defendants had no current record of consent to place such calls to him or her.

56.    A substantial number of the events which give rise to the claim occurred in Jefferson County, Missouri. Therefore, under Local Rule, this civil action should be assigned to the Circuit Court of Jefferson County, Missouri. In the event the Defendants seek to remove this case to federal Court, the appropriate venue lies in the St. Louis Division of the United States District Court for the Eastern District of Missouri under Missouri's Long Arm Statute.

57.     Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

58.    Class Numerosity: The exact number of members of each Class is unknown and is not available to Plaintiff at this time, but such information is readily ascertainable by Defendants and their agents. The Classes are so numerous that joinder of all members is impractical. Plaintiff

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

alleges that there are more than 40 members of each Class.

59.     The Class as defined above are identifiable through phone records and phone number databases.

60.     The potential members of the Class number at least in the thousands.

61.     Individual joinder of these persons is impracticable.

62.     Plaintiff is a member of the Class.

63.     There are questions of law and fact common to Plaintiff and the proposed Class, including, but not limited to the following:

a.     Whether Defendants used an "automatic telephone dialing system" or "artificial or prerecorded voice" calls as such terms are defined or understood under the TCPA and applicable FCC regulations and orders;

b.     Whether Defendants had written prior express consent to call Class members;

c.     Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes whose telephone numbers were registered with the state and national Do-Not-Call registries.

d.     Whether Defendants systematically made telephone calls to members of the DNC and MDNC Classes where Defendants did not have a current record of consent to make such telephone calls;

e.     Whether Plaintiff and Class Members are entitled to damages, including whether Defendants' violations were performed willfully or knowingly such that Plaintiff and Class Members are entitled to treble damages; and

16

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

f.    Whether Plaintiff and Class Members are entitled to injunctive relief for violations of their privacy and attorney's fees and costs.

64.    The Plaintiffs' claims are typical of the claims of members of the Class. Plaintiff is not different in any relevant way from any other member of the Classes, and the relief he seeks is common to each Class.

65.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he has hired attorneys experienced in class actions, including TCPA class actions.

66.    Predominance and Superiority: The Classes alleged in this Complaint are appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The damages suffered by each individual member of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for Class members to individually obtain effective relief from Defendants' misconduct. Even if Class members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

67.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns the identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents, vendors, subsidiaries, and sub-contractors.

68.     Injunctive Relief is Appropriate: Based on information and belief, Defendant's NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants, and their agents, employees and/or vendors continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

69.     The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

### COUNT I
### Violations of the MDNC Against NISA, NID and Doe Defendant's
### by Plaintiff Individually and on Behalf of the MDNC Class

70.     Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 69 as though set forth herein.

71.     Plaintiff brings this claim individually and on behalf of the Missouri No Call and Anti Telemarketing Class Members ("MDNC") against Defendants.

72.     The Defendant's acts and omissions of making eighteen (18) or more calls to Plaintiff's private residential phone constitute multiple violations of the MDNC in that No person or entity shall make or cause any telephone to ring and make any telephone solicitation to the telephone line of any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 and Mo. Rev. Stat. § 407.1076 of the subscriber's objection to receiving telephone solicitations.

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

73.     A "telephone solicitation" is defined as "any voice communication over a telephone line from a live operator, through the use of ADAD equipment or by other means for the purpose of **encouraging** the purchase or rental of, or investment in, property, goods or services..." Mo. Rev. Stat. § 407.1095(3).

74.     Defendants NISA, NID, Aetna, Centene, Medica, Anthem and the Doe Defendants failed to secure prior express written consent from Plaintiff and the Class Members prior to making these and other calls.

75.     In violation of the MDNC, Defendants made and/or knowingly allowed telephonic collection calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent and after notice to the Missouri Attorney General was given that they did not want to receive said calls.

76.     The Defendants made and/or knowingly allowed the telephonic calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

77.     As a result of Defendant's conduct, and pursuant to § 407.1076 et seq. of the MDNC, Plaintiff and Class members were harmed and are each entitled to a maximum of $5,000.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

**WHEREFORE**, Plaintiff Prosser and all members of the MDNC class prays for judgment against Defendant's NISA, NID, and the Doe Defendants for $5,000.00 per violation or $90,000.00, and for their attorney's fees and costs, appropriate injunctive relief, and for such further relief deemed just and equitable in the premises.

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

**Count II**
**Telephone Consumer Protection Act (Violations of 47 U.S.C. § 227)**
**(On behalf of Plaintiff and the Robocall and ATDS)**

78.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 77 as if fully set forth herein.

79.     The foregoing acts and omissions of Defendants NISA, NID, and the Doe Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf through the use of an automated dialing system constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

80.     The foregoing acts and omissions of Defendants NISA, NID, and the Doe Defendants, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

81.     The Defendant's violations were negligent, willful, or knowing.

82.     As a result of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for every call made.

83.     Plaintiff and members of the Class are also entitled to and do seek injunctive

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

relief prohibiting Defendants NISA, NID, and the Doe Defendants from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendants NISA, NID, and the Does, as follows:

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes;

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein in an amount exceeding $27,000.00;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

### COUNT III
### Violations of the TCPA Against Defendants NISA, NID and Doe Defendants
### by Plaintiff Individually and on Behalf of the DNC Class

84.    Plaintiff hereby incorporates by reference as though set forth fully herein paragraphs 1 through 83. Plaintiff asserts this claim on behalf of himself and members of the Do Not Call Registry Class.

85.    47 U.S.C. §227(c) provides that any "person who has received more than one

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

86.     The foregoing acts and omissions of Defendants NISA, NID and the Doe Defendants, and/or its affiliates, agents, and/or other persons or entities acting on Defendants behalf by calling and texting the Plaintiff's residential cell phone eighteen (18) times within a twelve (12) month period in contravention of 47 C.F.R. 64.1200(c), (d), (f) (13), constitute numerous and deliberate violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

87.     Defendant's NISA, NID, and the Doe Defendant's violations were negligent, willful, or knowing.

88.     As a result of Defendants NISA, NID, and the Doe Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $1,500 in damages for each call made.

89.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant's NISA, NID, and the Doe Defendants from making like calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff individually and on behalf of all others similarly situated, seeks judgment against Defendant's NISA, NID, and the Does 1 through 18 as follows:

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

(a) For an order certifying the Classes and naming Plaintiff as the representative of the Classes and Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an award of statutory damages for Plaintiff and each member of the Classes in an amount exceeding $27,000.00.

(c) For an order declaring that the Defendant's conduct violates the statutes referenced herein;

(d) For an order finding in favor of Plaintiff and the Classes on all Counts asserted herein;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) Such further and other relief as the Court deems necessary.

## COUNT IV
### Defendants' Vicarious Liability

*COMES NOW*, Plaintiff and for his Fourth cause of action against Defendants NISA, NID, Aetna, Centene, Medica, and Anthem and its employees and/or their agents, vendors and other unknown telemarketers on their behalf, states:

90.    Plaintiff reasserts and incorporates fully herein by reference paragraphs 1 through 89 above paragraphs as though fully set forth herein.

91.    For 28 years now, the FCC has made clear that "the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the TeL Consumer Prot. Act of 1991,* 10 F.C.C. Rcd. 12391, 12397 ¶ 13 (1995).

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

92.     In 2013 the FCC explained again in detail that a defendant "may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC,* 28 F.C.C. Rcd. 6574 (2013). Both actual and apparent authority, and ratification, can be a basis for a finding of vicarious liability. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

93.     The FCC has instructed that defendants may not avoid liability by outsourcing telemarketing:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were ***judgment proof, unidentifiable, or located outside the United States, as is often the case.*** Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of `independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

May 2013 FCC Ruling, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

94.     The FCC has **<u>rejected</u>** a narrow view of TCPA liability, including the assertion that liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Mohon v. Agentra,* 400 F.Supp.3d 1189, 1226 (D. NM 2019).

95.     A connection exists between all Defendants herein and the calls complained of by Plaintiff because the calls were directly made on behalf of Defendant's Aetna, Centene, Medica, and Anthem by Defendant's Doe's 1 through 18, who were employed or contracted to make the

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

calls by Defendant NISA and NID, so they could all profit from a common enterprise in which they all substantially participated.[3]

96.    "As the FTC has explained in its Compliance Guide, `taking deliberate steps to ensure one's own ignorance of a seller or telemarketer's Rule violations is an ineffective strategy to avoid liability.'" *FTC v. Chapman,* 714 F.3d 1211, 1216-1219 (l0th Cir. 2013).

97.    Defendants Aetna, Centene, Medica,  and Anthem are vicariously liable and responsible for the phone calls at issue because they employed NISA and NID to make the calls, who in turn utilized John and Jane Does 1 through 18 who actually made or initiated the calls to Plaintiffs or they substantially participated, and promulgated the policy and ratified making the calls to persons on the no call list without their express written consent.

98.    Defendants Aetna, Centene, Medica, Anthem, NISA and NID are vicariously liable for the calls complained of by Plaintiff herein because they:

a)    hired NISA and/or NID to make telemarketing calls on their behalf to persons on the NO Call Lists;

b)    NISA and NID authorized or caused John and Jane Does 1 through 18 to initiate the phone calls or initiated the calls and texts themselves;

c)    the defendants directly or indirectly controlled the persons who actually made or initiated the calls;

d)    allowed the telemarketers and independent agents access to information and operating systems within Defendants' control for the purpose of selling goods and services, without which they would not be able to sell their insurance using robocalling atds, texting, and direct dialing.

---

[3] More clearly, Defendant's Aetna, Centene, Medica and Anthem employed the telemarketing companies, and the telemarketing companies employed the telemarketers.

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

e)      allowed the telemarketers and independent contracting agents to enter or provide consumer information into Defendants' sales or operational systems.

f)      approved, wrote, reviewed, or participated in developing the telemarketing sales scripts.

g)      Defendants Aetna, Centene, Medica, Anthem, NISA and NID knew or reasonably should have known or consciously avoided knowing that the actual Doe telemarketers were violating the law and Defendants failed to take effective steps within their power to require compliance, or

h)      Defendants Aetna, Centene, Medica, Anthem, NISA and NID gave substantial assistance or support to John and Jane Does and each other while knowing, consciously avoiding knowing, or being recklessly indifferent to the fact that John and Jane Does were engaged in acts or practices that violated the TCPA and MDNC and ratified each of the illegal calls.

99.     John and Jane Does apparently had authority to engage in the autodialing, direct dialing, texting and robocalling at issue herein from Defendant's Aetna, Centene, Medica, and Anthem and co-conspirators NISA and NID, because after Plaintiff patiently listened to the scripted sales pitch the Defendants would have profited from sales made for their respective companies, thereby ratifying their illegal practice.

100.    Defendants Aetna, Centene, Medica,  and Anthem and co-conspirators NISA and NID, ratified the robocalls to Plaintiff described above because they accepted or intended to accept the benefits to them of the calls while knowing or consciously avoiding knowing their telemarketer-agents were robocalling and automated texting cell phones and phone numbers

Electronically Filed - JEFFERSON - March 06, 2024 - 04:00 PM

listed on the Federal and Missouri State Registry without complying with the Registry and without prior express written consent of the robocalled, called, and texted consumers.

101.    As a direct and proximate result of the eighteen (18) illegal solicitation calls by or on behalf of the above Doe Defendants on behalf of Defendants Aetna, Centene, Medica,  and Anthem and co-conspirators NISA and NID, Plaintiff suffered the gross violation of his rights to privacy, solace and seclusion as set forth above, he was frustrated, harassed, annoyed, as well as suffered monetary loss in phone provider service fees, wear and tear on his phone equipment, and the degradation of his battery life.

**WHEREFORE**, Plaintiff prays for entry of judgment against Defendants Aetna, Centene, Medica, and Anthem and co-conspirators NISA and NID, and for their vicarious liability for an additional $117,000.00 and for his statutory, actual and/or treble damages sufficient in size to set a stern example and deter in the future like conduct complained of by Defendants or others. Plaintiff prays for such other and further relief as the court finds proper. Plaintiff requests an award of his attorney fees and costs.

Respectfully submitted,


/s/Edwin V. Butler, Esquire
Edwin V. Butler Mo. 32489
Attorney At Law
Butler Law Group, LLC
1650 Des Peres Rd., Suite 220
St. Louis, MO 63131
edbutler@butlerlawstl.com
(314) 504-0001

Attorney for the Plaintiff


This 6th day of March 2024.